**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

| | |
|---|---|
| ABRIALE JOHNSON, *on behalf of herself and others similarly situated*, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TIDEWATER FINANCE COMPANY, ) <br> d/b/a/ TIDEWATER MOTOR CREDIT ) <br> and TIDEWATER CREDIT SERVICES, a ) <br> Virginia corporation, ) <br> ) <br> Defendants. ) <br> ) | Civil Action No.: 1:22-cv-01656 |

**[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, CERTIFYING CLASS FOR PURPOSES OF SETTLEMENT, DIRECTING NOTICE TO THE CLASS, AND SCHEDULING FAIRNESS HEARING**

WHEREAS Plaintiff Abriale Johnson ("Plaintiff") and Defendants Tidewater Finance Company, d/b/a/ Tidewater Motor Credit and Tidewater Credit Services, (collectively "Defendants") (collectively referred to as "the Parties"), have reached a Settlement Agreement ("the Settlement" or "Settlement Agreement") resolving this action;

WHEREAS, the Settlement Agreement sets forth the terms and conditions of a proposed class action settlement and Plaintiff has moved, pursuant to Fed. R. Civ. P. 23(e) and 23(g), for an Order seeking preliminary approval of a class action settlement, certifying the settlement class, appointing settlement class counsel and settlement class representative, approving class notice, and scheduling a fairness hearing ("Motion");

IT IS **ORDERED** that the Motion is **GRANTED**, subject to the following terms and conditions:

**<u>Class Certification for Settlement Purposes Only</u>**

1. The proposed Settlement Agreement submitted with the Motion is preliminarily approved, pending the notice and formal approval process set forth herein.

2. Based on the submissions of the Parties, and for purposes of this settlement only, the Court conditionally makes the following findings:

    a. The members of the Class defined in the Settlement Agreement are so numerous as to make joinder impracticable;

    b. There are questions of law and fact common to the Class, and such questions predominate over any questions affecting only individual Class Members;

    c. Plaintiff's claims are typical of the claims of the Class Members;

    d. Plaintiff and her counsel can fairly and adequately protect, and have to date fairly and adequately protected, the interests of the Class Members in this Action; and

    e. A class action is superior to other available methods for fairly and efficiently resolving the controversy placed at issue in this Action.

3. Accordingly, for settlement purposes only, pursuant to Fed. R. Civ. P. 23(a) and (b)(3), the Court provisionally certifies the Classes defined as:

    > All persons in the state of Maryland who (1) entered into a Retail Installment Sale Contract ("RISC") governed by Closed End Credit Provisions ("CLEC"); (2) who were charged a convenience fee by Tidewater Finance Co., Tidewater Motor Credit, or Tidewater Credit Services on or after July 6, 2019; and (3) from whom Tidewater Finance Co., Tidewater Motor Credit, or Tidewater Credit Services collected more than the monthly principal amount of the RISC.

    Excluded from the Settlement Classes are (a) any of Defendants' respective officers, directors, agents, and employees; (b) persons who timely and properly exclude themselves from the Settlement Class as provided in the Settlement Agreement; (c) anyone who has previously executed a written release of all claims against Defendants related to convenience fees and would otherwise be a member of the Settlement Class; (d) anyone whose credit accounts were discharged in bankruptcy; (e) anyone whose credit account resulted in a judgment prior to the date of the filing of this action; and (f) the Court, the Court's immediate family, and Court staff.

**Class Counsel and Class Representative**

4. Scott C. Harris and Thomas A. Pacheco of Milberg Coleman Bryson Phillips Grossman PLLC are appointed as Class Counsel.

5. Plaintiff Abriale Johnson is appointed as Class Representative.

**Preliminary Approval**

6. The Settlement Agreement is preliminarily approved as describing a settlement that is within the range of settlements that the Court would find to be fair, reasonable, and adequate.

7. The Court's preliminary approval is subject to the right of any Class Member to challenge the Settlement and to show cause, if any exists, why a Final Order and Judgment dismissing this Action based on the Settlement should not be entered, after due and adequate notice has been provided to the Class and a fairness hearing has been held as otherwise ordered herein.

8. The Court finds that the Settlement Agreement resulted from arm's-length negotiations and extensive investigation, and that the proposed Settlement is sufficiently fair and reasonable so as to warrant notice thereof to the Class, and to warrant a hearing concerning the settlement and the terms set forth in the Settlement Agreement.

**Fairness Hearing**

9. A hearing (the "Fairness Hearing") shall be held before this Court on May 16, 2023 at 11:00 a.m. to determine whether (a) the Class provisionally certified herein in fact satisfies each of the prerequisites for class certification set forth in Fed. R. Civ. P. 23(a) and Fed. R. Civ. P. 23(b)(3); (b) the settlement proposal described in the Settlement Agreement is fair, reasonable, and adequate; (c) orders granting final approval of the Settlement, entering final judgment and dismissing Plaintiff's Complaint, as provided in the Settlement, should be entered; and (d) the applications of Class Counsel for the payment of attorneys' fees and expenses and Plaintiff's incentive awards should be approved.

10. At the Fairness Hearing, the Court will consider any objections presented by the Settlement Class members and the Parties' responses to any such objections.

**Pre-Hearing Notice**

11. The Court finds that the manner and content of the Settlement Notice as set forth in the Settlement Agreement and in the Exhibits to the Settlement Agreement will provide the best notice practicable to the Class under the circumstances.

12. The Notice Period must commence within fourteen (14) calendar days after the entry of the Preliminary Approval Order and should be substantially complete no later than forty-five (45) days after the entry of the Preliminary Approval Order via electronic mail, first-class mail, an Internet website, and a toll-free number as set forth in the Settlement Agreement.

13. The Claims Administrator shall provide the notification required under 28 U.S.C. § 1715 to each Appropriate Federal Official and to each Appropriate State Official.

**Requests for Exclusion from Class**

14. Any Class Member who wishes to be excluded from the proposed settlement must send a written request for exclusion to the Claims Administrator, in care of the post office box rented for that purpose, no later than sixty (60) days following entry of this Preliminary Approval Order.

15. Requests for exclusion must contain the following:

    a. the Class Member's name and address;

    b. a statement by the Class Member that he/she wants to be excluded from the Class;

    c. the name and docket number of this Action; and

    d. the Class Member's original signature.

16. Any Class Member who does not send a timely written request for exclusion meeting the conditions described in the foregoing paragraph shall be bound by the final settlement and by all subsequent proceedings, orders, and judgments in this Action, even if such person has pending or subsequently initiates litigation or other proceedings against any Released Parties relating to matters or the claims released in this Action.

**Objections to Settlement**

17. Any Class Member who does not file a timely written request for exclusion may object to the fairness, reasonableness, or adequacy of the settlement.

18. Class Members may not seek to exclude themselves from the Class <u>and</u> file an objection to the proposed settlement, however.

19. Any member of a Class who wishes to object to any aspect of the settlement must deliver to Class Counsel and Defendants' Counsel, and file with the Court their

4

written objection, no later than forty-five (45) days following the entry of this Order.

20. Written objections must include: (i) the objector's name, address, and telephone number; (ii) the name of this Action and the case number; (iii) a statement of each objection; (iv) proof of class membership; and (v) a written brief detailing the specific basis for each objection, including any legal and factual support the objector wishes to bring to the Court's attention and any evidence the objector wishes to introduce in support of the objection.

21. Class Members may raise an objection either on their own or through an attorney hired at their own expense.

22. If the objection is made through an attorney, the written objection must also include: (1) the identity and number of the Settlement Class Members represented by objector's counsel; (2) the number of such represented Settlement Class Members who have opted out of the Settlement Class; and (3) the number of such represented Settlement Class Members who have remained in the Settlement Class and have not objected.

23. If the attorney intends to seek fees and expenses from anyone other than the objectors he or she represents, the attorney shall also file with the Court and serve on Class Counsel and Defense Counsel not later than fifteen (15) days before the Final Fairness Hearing or as the Court may otherwise direct a document containing the following: (1) the amount of fees sought by the attorney for representing the objector and the factual and legal justification for the fees being sought; (2) a statement regarding whether the fees being sought were calculated on the basis of a lodestar, contingency, or other method; (3) the number of hours already spent by the attorney and an estimate of the hours to be spent in the future; and (4) the attorney's hourly rate.

24. Class Counsel shall have the right to take discovery of any basis for the objection. Objectors must make themselves available for deposition by counsel between the time of the objection and no later than five (5) business days before the Final Fairness Hearing, and the objection must include the dates when the objector is available for a deposition.

25. Any Class Member who fails to comply with the provisions of the subsections concerning objections shall waive and forfeit any and all rights he or she may have to appear separately and/or object, and shall be bound by all the terms of the settlement and by all proceedings, orders and judgments in this Action.

**Retention of Administrator**

26. The Court authorizes KCC to administer certain aspects of the settlement,

including providing notice to the Class; establishing and maintaining the Settlement Website; receiving and maintaining correspondence regarding requests for exclusion, intervention and objections to the settlement; responding to inquiries from Class Members received through the Settlement Website, or by first-class mail or by telephone; and assisting Defendants' Counsel and Class Counsel with other aspects of the settlement as necessary and directed by Counsel.

27. KCC will also serve as the Claims Administrator.

28. The Claims Administrator shall perform the following duties: (a) prepare the Notice Plan; (b) disseminate the Notice of Class Settlement; (c) process claim forms and opt-out forms; (d) receive and serve on Class Counsel, Defendants' Counsel, and the Court any written objections and opt-out requests; (e) determine the amounts of the awards due to eligible Settlement Class members in accord with the terms and procedures set forth herein; (f) report, in summary or narrative form, to Class Counsel and Defendants' Counsel regarding the completion of the tasks identified in this paragraph; (g) issue other reports and provide any and all files, documents, and data related to the Settlement Agreement, upon request, to Defendants' Counsel, or Class Counsel; (h) carry out other related tasks in accordance with the terms of the Settlement Agreement; and (i) agree to employ their best efforts to faithfully and fully perform any and all obligations and duties imposed on the Claims Administrator pursuant to the Settlement Agreement and its exhibits and amendments (if any).

**Effect of Final Approval**

29. If the settlement proposed by the Parties is finally approved, the Court shall enter a separate order approving the settlement, entering judgment and dismissing, with prejudice, the Class Action Complaint.

30. Such order and judgment shall be fully binding with respect to all Class Members and each Settlement Class Member shall be barred from initiating, asserting or prosecuting any Released Claims against any Released Person. Released Claims means actions, causes of action, claims, or demands that have been or could have been asserted in any form by class members, including, but not limited to, claims based on statutory or regulatory violations, tort, contract, common law causes of action, and any claims for damages (including compensatory damages, special damages, consequential damages, punitive damages, statutory fines or penalties, attorneys' fees, costs) and any equitable or declaratory relief, direct or indirect, whether or not currently known, arising out of, based upon or related in any way to the operative Complaint or the collection or attempted collection of convenience fees. Released Person means Defendants, along with their parent companies, lenders, insurers, investors, affiliates, suppliers, successors, assigns, subsidiaries, related entities and trustees and/or beneficiaries of trusts which have an interest in the above referenced companies; and/or any current, past or future

owners, members, directors, officers, employees, attorneys, accountants, direct and indirect shareholders, partners, members, or agents of the foregoing.

**Schedule**

31. The following deadlines shall apply unless modified by further order of the Court:

    a. Notices in the form of the Exhibits to the Settlement Agreement shall be sent to Class Members via first class mail and electronic mail, as provided in the Settlement, within 14 days after entry of this Order, on or before <u>February 16, 2023</u>.

    b. The Notices shall be made available through the Settlement Website no later than the date the First Class Notice is sent by e-mail.

    c. The notice period shall run until <u>March 19, 2023</u>, within 45 days after entry of this Order.

    d. Any notices to appear at the Final Approval hearing shall be filed on or before <u>March 19, 2023</u>, within 45 days after entry of this Order.

    e. Any exclusions to the Settlement shall be submitted on or before <u>April 3, 2023</u>, within 60 days after entry of this Order.

    f. Any objections to the Settlement shall be submitted on or before <u>March 19, 2023</u>, within 45 days after entry of this Order.

    g. The Fairness Hearing shall be held at <u>May 16, 2023</u> on <u>11:00 a.m.</u> in Courtroom No. <u>5D</u> of the United States District Court for the District of Maryland, approximately 103 days from this Order.

    h. The Parties shall file and serve papers in support of final approval of the settlement, including any responses to proper and timely objections filed thereto, by <u>April 18, 2023</u>, within 75 days of this order.

    i. Class Counsel shall file with this Court their petition for an award of attorneys' fees and reimbursement of expenses and request for incentive award to the Plaintiff no later than on <u>April 18, 2023</u>, within 75 days of this order.

DATED: 2/2/2023

SO ORDERED:

/s/ - Richard D. Bennett
United States District Court Judge