# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

| | |
|---|---|
| ABRIALE JOHNSON, *on behalf of herself and others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>TIDEWATER FINANCE COMPANY, d/b/a/ TIDEWATER MOTOR CREDIT and TIDEWATER CREDIT SERVICES, a Virginia corporation,<br><br>Defendants. | Civil Action No.: 1:22-cv-01656 |

## [~~PROPOSED~~] ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND MOTION FOR ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND SERVICE AWARD FOR THE CLASS REPRESENTATIVE

This matter comes before the Court on Plaintiff Abriale Johnson's Unopposed Motion for Final Approval of Class Action Settlement ("the Settlement" or "Settlement Agreement") and Motion for Attorneys' Fees, Reimbursement of Expenses, and Service Award for the Class Representative. Tidewater Finance Co. d/b/a Tidewater Motor Credit and Tidewater Credit Services (collectively "Tidewater" or "Defendants") does not oppose the motions. Having considered the written submissions, and after hearing oral argument at the fairness hearing on May 16, 2023, the Court hereby grants both Plaintiff's Motion for Final Approval of Class Action Settlement and Plaintiff's Motion for Attorneys' Fees, Reimbursement of Expenses, and Service Award for the Class Representative.

1

## BACKGROUND

1. Abriale Johnson filed this action on July 6, 2022 (ECF No. 1), bringing causes of action under the CLEC, the MCDCA, and the MCPA as well as claims for breach of contract and unjust enrichment.

2. The Settlement provides benefits to residents of Maryland who had entered into Retail Installment Sale Contracts and from whom Tidewater had collected convenience fees.

3. Indeed, the Settlement provides benefits to 763 Class Members, a majority of which are in the state of Maryland.

4. On February 2, 2023, the Court preliminarily approved the Settlement Agreement, the proposed notice plan, and the settlement class.

5. Pursuant to the plan approved by the Court, notice was disseminated to the class, and notice was effectively delivered to all 763 Class Members. Zero Class Members opted out of the Settlement and zero Class Members objected to the Settlement.

## SETTLEMENT TERMS

6. The Settlement provides significant benefits to class members who entered into Retail Installment Sale Contracts and were charged a convenience fee by Tidewater. Specifically, the Settlement Class is defined as:

> All persons in the state of Maryland who (1) entered into a Retail Installment Sale Contract ("RISC") governed by Closed End Credit Provisions ("CLEC"); (2) who were charged a convenience fee by Tidewater Finance Co., Tidewater Motor Credit, or Tidewater Credit Services on or after July 6, 2019; and (3) from whom Tidewater Finance Co., Tidewater Motor Credit, or Tidewater Credit Services collected more than the monthly principal amount of the RISC.

7.      Indeed, the Settlement provides benefits to 763 unique accounts from which Tidewater collected convenience fees. The convenience fees were approximately $10.00 per charge.

8.      The Settlement provides a mix of non-reversionary Monetary and Non-Monetary Relief. The Monetary Relief consists of $312,000.00 in cash. The Non-Monetary Relief consists of injunctive relief whereby Tidewater will not collect convenience fees for a period of three years, which has an estimated value of $100,000.00.

9.      Class Members will be eligible to receive, on a *pro rata* basis, a check or digital payment based upon the approximate $10.00 convenience fee. Although there were 763 unique accounts from whom Tidewater collected convenience fees, there were nearly 9,700 instances in which Tidewater collected convenience fees from the Settlement Class. As discussed below, assuming all the costs of notice and administration, service awards, attorneys' fees, and expenses are awarded as agreed in the Settlement, each Class Member will receive $14.26 for each instance in which Tidewater collected convenience fees from them, which is 1.42 times the amount Tidewater collected in convenience fees from the Settlement Class. Class Members will not need to file a claim to receive compensation, and they will simply have to accept the check or digital payment they receive within six months of issuance.

10.     Settlement administration costs are $35,000.00.

11.     Class Counsel's litigation costs are $1,280.79, which include the filing fee for the Complaint (ECF No. 1), the fee for the Motion to Appear *Pro Hac Vice* for *Scott* C. Harris (ECF No. 11), process server fees, and travel fees for the Fairness Hearing.

12. Class Counsel is requesting, pursuant to the Settlement, to receive one-third of $412,000.00, which is the total value of the Settlement benefits to the Class. That value is $137,333.33.

13. If after 180 days from the issuance of the settlement checks funds remain in the cash fund that have not been cashed, or awarded as administrative expenses, attorneys' fees and costs, or as a service award, Class Counsel is requesting that the funds shall be distributed equally to Public Justice and the National Association of Consumer Advocates.

## APPROVAL OF CLASS NOTICE

14. The Settlement Class has been notified of the settlement pursuant to the plan approved by the Court. After having reviewed the Post-Notice Declarations of the Settlement Administrator, which was responsible for carrying out the notice program, the Court hereby finds that the notice was accomplished in accordance with the Court's directive.

15. The Court finds that the form and manner of distributing the Class Notices (i) constituted the best notice practicable under the circumstances; (ii) constituted notice that was reasonably calculated under the circumstances to apprise Class Members of the pendency of the Action, of their right to object to or exclude themselves from the proposed Settlement as applicable, of their right to appear at the Final Approval Hearing, and of their right to seek relief; (iii) constituted reasonable, due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) complies in all respects with the requirements of Federal Rule of Civil Procedure 23, due process, and all other applicable law.

## APPROVAL OF THE SETTLEMENT

16. The Court finds that the Parties' settlement is fair, reasonable and adequate in accordance with Rule 23; was reached at arm's length without collusion or fraud; and satisfies all

of the requirements for final approval. The Court has considered the complexity, expense, and likely duration of the litigation if the settlement is not approved; the odds of the plaintiffs succeeding at trial balanced by the risks of continued litigation; the range of possible recovery if the case is tried; the opinions of class counsel and the class representatives; and the degree of opposition to the settlement.

17. In short, the settlement is finally approved, and the parties are directed to consummate the settlement in accordance with its terms.

18. The Settlement Administrator is hereby authorized to complete the distribution pursuant to the Settlement Agreement.

19. The Court authorizes the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications, and expansions of the Agreement as shall be consistent in all material respects with the Final Approval Order and not limit the rights of the Parties or Class Members; and containing such other and further provisions consistent with the terms of this Agreement to which the Parties expressly consent in writing as long there is not a material decrease in the amount the each Settlement Class member will receive that may differ from the likely net settlement amount per set of class member.

## APPLICATION FOR ATTORNEYS' FEES AND EXPENSES

20. The Class is represented by nationally recognized and highly experienced Class Counsel who resolved this matter with skill, persistence, and efficiency. As outlined in the Declaration of Scott C. Harris, this matter required extensive, protracted, months-long negotiation to come to the Settlement.

21. As summarized in the Declaration of Scott C. Harris, Class Counsels' firms spent over 100 hours litigating this case, researching various state and federal laws; pre-suit investigation

of the facts and legal theories; drafting the Complaint; drafting the settlement demand; multiple rounds of offers and counter-offers; attendance at a status conference; extensive settlement negotiations and drafting of the agreement and related documents; and preparing the notice program and various notices that would be sent to Class Members.

22. In addition to the work already performed, Class Counsel anticipates expending an additional 30 hours of time to effectuate the settlement.

23. Class Counsel's persistence in advancing the litigation ultimately led to the eventual Settlement. All of these efforts have been to the benefit of the Class. Class Counsel had to overcome many of the obstacles faced in complex class action litigation. Class Counsel faced a genuine risk of non-recovery in this action because Tidewater was represented by exceptional counsel. Tidewater maintained throughout the litigation that its collection of convenience fees was lawful and in no way admits liability for its actions related to the Settlement. If the Court agreed, there would be no recovery for Plaintiff or the Class in this case.

24. Many courts in the Fourth Circuit have held that attorneys' fees in the amount of one-third of the settlement benefits are reasonable. *See, e.g., Ferris v. Sprint Comm'ns Co. L.P.*, No. 5:11-cv-667, 2012 WL 12914716, at *2, 2012 WL 12914716, at *2 (E.D.N.C. Dec. 13, 2012) ("Under the percentage-of-the-fund method, it is appropriate to base the percentage on the gross cash benefits available for class members to claim, plus the additional benefits conferred on the class by the Settling Defendants' separate payment of attorney's fees and expenses, and the expenses of administration.").

25. An award of $137,333.33 or one-third of the $412,000.00 total Settlement benefits to the Class ($312,000.00 in cash benefits plus $100,000.00 in injunctive relief) for attorneys' fees to which the Parties mutually agreed are reasonable based upon the contingent nature of Class

6

Counsel's work in this litigation, the results achieved, the risk undertaken, and the comprehensive work and effort involved in the prosecution and settlement of this litigation. Class Counsel achieved extraordinary results in a highly efficient manner for the class of 763 Class Members.

26. In approving the requested fee, the Court may consider the following factors: (1) the results obtained for the class; (2) objections by members of the class to the settlement terms and/or fees requested by counsel; (3) the quality, skill, and efficiency of the attorneys involved; (4) the complexity and duration of the litigation; (5) the risk of nonpayment; (6) public policy; and (7) awards in similar cases. *Jernigan v. Protas, Spivok & Collins, LLC*, No. ELH-16-03085, 2017 WL 4176217, at *4 (D. Md. Sept. 20, 2017) (citing *Singleton v. Domino's Pizza, LLC*, 976 F. Supp. 2d 665, 682 (D. Md. 2013)).

27. The requested fee is also supported by a lodestar analysis. Class Counsel report that they have already recorded a combined total of more than 165.4 hours having a value in excess of $75,220.50. The Court finds that the time and hourly rates are reasonable, with application of a 1.83 lodestar multiplier. *See Jones v. Dominion Res. Servs.*, 601 F. Supp. 2d 756, 766 (S.D. W. Va. 2009) (approving a lodestar multiplier between 3.4 and 4.3 as "closer to the middle of the range considered reasonable by courts"). However, when Class Counsel achieve an extraordinary settlement for the class in an expeditious manner, this supports an increased lodestar multiplier above the 4.5 level. *See Nieman v. Duke Energy Corp.*, No. 3:12-cv-00456, 2015 WL 13609363, at * (W.D.N.C. Nov. 2, 2015) ("The amount of the settlement and the efficiency of counsel in reaching such a resolution reinforce an upward variance from a 4.5 multiplier."); *Decohen v. Abbasi, LLC*, 299 F.R.D. 469, 483 (D. Md. 2014) (applying a lodestar multiplier of 3.9 to a fee petition in a CLEC class action and stating that "Courts have generally held that lodestar multipliers falling between 2 and 4.5 demonstrate a reasonable attorney's fee") (internal citation

and quotation marks omitted); *Singleton v. Domino's Pizza, LLC*, 976 F. Supp. 2d 665, 689 (D. Md. 2013) (applying a lodestar multiplier of 3 because it was "well within the normal range of lodestar multipliers" but explaining that the "range of multipliers on large and complicated class actions have ranged from at least 2.26 to 4.5")); *Kelly v. Johns Hopkins Univ.*, No. 1:16-cv-2835, 2020 WL 434473, at *7 (D. Md. Jan. 28, 2020) (finding $900 per hour a reasonable hourly rate for class action attorneys with 15-24 years of experience and $650 per hour a reasonable rate for attorneys with 5-14 years of experience and applying a lodestar multiplier of 2.45 which was "well within the range routinely approved in this Circuit").

28.     Accordingly, the Court finds the request for attorneys' fees to be fair, adequate, and reasonable.

29.     Class Counsel has provided a declaration specifying that they have incurred $1,280.79 in expenses in prosecuting this action. These expenses were reasonable and necessarily incurred on behalf of the class and, as a result, Class Counsel are entitled to reimbursement for their expenses of $1,280.79 in addition to the fee award.

## SERVICE AWARDS

30.     Class Counsel seek a Service Award for the Named Plaintiff in amounts of $2,500.00 for serving as Class Representative.

31.     The Settlement Classes received notice that Class Counsel intends to seek a Service Award for Named Plaintiff. No Settlement Class Member has objected to the request for class representatives to receive the service awards identified here, and Named Plaintiff was an essential element to the Class winning the relief described above. Accordingly, the Service Award is reasonable and therefore approved.

## CY PRES

32.     In the event that Settlement Class Members fail to cash their checks within 180 days of receiving the funds and remaining funds are left over, as provided in the Settlement Agreement, such that the Settlement Fund has a positive balance, all remaining amounts in the Settlement Fund shall be disbursed to the approved *cy pres* recipients in equal parts: Public Justice and the National Association of Consumer Advocates. The Settlement Administrator is ordered to provide a report to Class Counsel of all money in the Settlement Fund left undisbursed within fifteen (15) calendar days after the 180-day period has elapsed.

**THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, and DECREED AS FOLLOWS:**

1.     The Motions are **GRANTED**;

2.     The Court finds that the Settlement set forth in the Settlement Agreement between the representatives of the certified Class and Tidewater is fair, reasonable, adequate, in the best interests of the Class, applying the four factor test enunciated in *In re Jiffy Lube Sec. Litig.*, 927 F.2d 155 (4th Cir. 1991), and it is hereby **APPROVED**. The Court directs that the Settlement Agreement be consummated pursuant to its terms and conditions.

3.     Class Counsel is awarded, as detailed in the Settlement Agreement and their fee petition, one-third of $412,000.00 or what is otherwise the total settlement benefit conferred upon the Class.  Class Counsel's request to be awarded $137,333.33 from the settlement fund is **GRANTED**;

4.     Class Counsel's request for reimbursement of costs in the amount of $1,280.79 from the settlement fund is **GRANTED**;

5.     Plaintiff's request for a Service Award from the settlement fund in the amount of $2,500.00 for Named Plaintiff is **GRANTED**;

6.  The Court reserves exclusive and continuing jurisdiction over the Action for the purposes of supervising the implementation, enforcement, construction, and interpretation of the Settlement Agreement.

DATED: _MAY 16, 2023_      SO ORDERED:

_____
United States District Court Judge